OPINION
Appellant Jeffrey Bookman appeals a judgment of the Richland County Common Pleas Court entering summary judgment in favor of appellees St. Peter's High School, Charles Henrich, Elizabeth Castle, Tressa Scheiber, and Father Richard Kennedy:
ASSIGNMENTS OF ERROR:
 I. THE COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IN THAT REASONABLE MINDS COULD DIFFER AS GENUINE ISSUES OF MATERIAL FACT EXIST AS TO PLAINTIFF'S CLAIMS FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS.
 II. THE COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IN THAT REASONABLE MINDS COULD DIFFER AS TO WHETHER THE DEFENDANT'S CONDUCT WAS EXTREME AND OUTRAGEOUS.
During the 1995-96 school year, appellant was a senior at appellee St. Peter's High School in Mansfield. Appellee Father Richard Kennedy was principal of the school. Appellee Henrich was appellant's psychology teacher. Appellees Scheiber and Castle are both employees of the school.
During his senior year of high school, appellant was a student in Henrich's psychology class. The class met for fifty minutes during the second class period following lunch. Henrich had a policy concerning permission to leave the classroom during class time. At the beginning of the semester, Henrich told the students they could only leave class three times each semester, unless there was an emergency. The purpose for this policy was to prevent students from roaming the halls, disrupting other classes, and to encourage students to bring their books to class.
As a student in Henrich's class, appellant often asked Henrich if he could leave the class to use the bathroom. In fact, on a daily basis, appellant would ask to leave to use the bathroom multiple times during the single class period.
During the school year, appellant was absent on a number of occasions, and the school expressed concern about the absences to appellant and his parents. On several occasions between November, 1995, and February, 1996, appellant's parents met with Father Kennedy and other school administrators to discuss appellant's progress in school. Appellant's access to the bathroom was discussed at these meetings.
Appellant claimed that he was sometimes denied bathroom access by Henrich. According to appellant, beginning in January, 1996, although Henrich delayed his access to the bathroom, eventually, Henrich would always allow him to use the bathroom.
In February of 1996, appellant was diagnosed with ulcerative colitis. Appellant claimed that even after Henrich became aware of this medical diagnosis, he continued to delay appellant's access to the bathroom during psychology class.
Appellant filed the instant lawsuit, including claims for intentional infliction of emotional distress and negligent infliction of emotional distress. Appellant claimed that by asking him to wait to use the bathroom, Henrich and the other appellees caused him severe emotional distress in the form worry, fear, and embarrassment.
The court dismissed the lawsuit on summary judgment.
 I. II.
We address both Assignments of Error together, as they raise the single issue of whether the court erred in entering summary judgment.
Summary judgment is appropriate where there is no dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). The Appellate Court stands in the shoes of the trial court, reviewing summary judgment on the same standard and evidence. Smiddy vs. The Wedding Party, Inc.
(1987), 30 Ohio St.3d 35.
In order to recover for both intentional infliction of emotion distress and negligent infliction of emotional distress, the plaintiff must suffer serious emotional distress as a result of the actions of the defendant. Yeager vs. Local Union 20
(1983), 6 Ohio St.3d 369; Paugh vs. Hanks (1983), 6 Ohio St.3d 72. Serious emotional distress describes emotional injury which is both severe and debilitating. Paugh, supra, at 78. Thus, serious emotional distress may be found where a reasonable person, normally constituted, would be unable to cope adequately with the mental distress engendered by the circumstances of the case. Id.
There is no evidence in the record to demonstrate that appellant suffered severe emotional distress as a result of the actions of appellees. Dr. Mohl, appellant's treating gastroenterologist, testified by way of affidavit that while lack of bathroom accessibility may have caused appellant some anxiety, there were a multitude of other factors which played a role in appellant's emotional fabric. Dr. Bazel, appellant's general practitioner, testified that appellant suffered from stress, for which he prescribed an anxiety drug, and he believed that appellee's "actions or inactions of denying or delaying Jeff's bathroom access played a significant role in causing Jeff's emotional distress." However, Dr. Bazel did not provide medical evidence that appellant suffered from severe and debilitating stress, nor did he pinpoint the actions of appellees as the cause of severe emotional distress. In addition, Dr. Bazel did not demonstrate that he was qualified to render a medical opinion concerning psychological stress, and failed to state his opinion to a reasonable degree of medical certainty.
The court did not err in dismissing the complaint on summary judgment, as reasonable minds could only conclude that appellant did not suffer severe emotional distress as a result of the actions of appellees.
The Assignments of Error are overruled.
The judgment of the Richland County Common Pleas Court is affirmed.
By: Reader, J., Farmer, P. J. and Gwin, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Richland County Common Pleas Court is affirmed. Costs to appellant.